UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

Plaintiff,

- against -

THOMAS FEDE,

Defendant.
-------------------------------------------------------x

**MEMORANDUM OF DECISION AND ORDER**

CV 01-0076 (ADS)

APPEARANCES:

**BENTON CAMPBELL**
**United States Attorney**
**Eastern District of New York**
**One Pierrepont Plaza**
**Brooklyn, New York 11201**
**By: Tanya Y. Hill**
**Assistant United States Attorney**

**JOHN F. KALEY, ESQ.**
**Attorney for the Defendant**
**217 Broadway, Suite 707**
**New York, New York 10007**

**SPATT, District Judge.**

On October 17, 2008, at a sentencing proceeding for the defendant, this Court determined that the proper United States Sentencing Guideline calculation was total offense level 18, criminal history category I, resulting in a Guideline range of 27 to 33 months. As a result of the defendant's cooperation, the Court downwardly departed and sentenced the defendant to six months incarceration and three years supervised release.

P-049

Among the reasons noted by the Court for the sentence imposed was that, "He was involved in reprimanding, humiliating and threatening to fire brokers who attempted to sell other stock to the customers and didn't pursue the company line." (Transcript at p. 21). This comment by the Court was predicated on a portion of the pre-sentence report, at paragraph 13, which stated, at page 6, paragraph 13: "Stephen Palumbo was the primary person to enforce the do-not-sell policy at Harriman. He and other brokers would severely reprimand, humiliate and/or threaten to fire brokers who attempted to sell other stock to customers." It was also based on another fact set forth in the pre-sentence report, as follows: "Stephen Palumbo, Bosco, Ferras, Follett, Tuozzo and Thomas Fede trained Harriman brokers and trainees to use fraudulent 'boiler room' sales practices to induce investors to purchase primarily the securities of the companies whose IPOs Harriman underwrote or other highly speculative securities in which Harriman made a market ('house stocks')."

After the Court imposed the sentence of six months, a reduction of twenty-one months below the low end of the applicable Guideline range, counsel for the defendant raised certain points, including suggested mistaken statements made by the Court. In fact, the Court did withdraw several statements based upon the concerns raised by both counsel. Then the following colloquy took place:

> THE COURT: Okay.
>
> I revise my statement. Instead of training the brokers, he trained the trainees and the cold callers.

MR. KALEY: And, your Honor, he really didn't intimidate people.

In fact, he was one of the victims –

THE COURT: That's what the presentence report says.

MR. KALEY: So –

THE COURT: Well, I'm not going to change that.

You would have to have a Fatico hearing for me to change that. It's in the report.

MR. KALEY: Your Honor, just to make a last minute pitch, I guess, in light of the fact that he wasn't training brokers, the point I have made about the cooperation and the delay, could I implore your Honor to modify the sentence and impose a less?

THE COURT: You can implore me, but I'm not going to do it.

Your request is denied. The sentence is, in my opinion, the correct sentence and a fair sentence.

Transcript at p. 30.

On October 20, 2008, John F. Kaley, counsel for the defendant, wrote to the Court again raising the issue as to conduct of his client, and, in effect denying that his client reprimanded, humiliated and/or threatened to fire brokers who attempted to sell other stocks to customers.

Initially, the Court notes that it afforded an opportunity to the defendant to request a Fatico Hearing on this issue, which, apparently, the defendant's counsel declined to do. However, it now appears that the defendant's counsel is again raising this factual issue.

Therefore, the Court will again offer the defendant the opportunity to have a Fatico

Hearing on this issue. Accordingly, counsel for the defendant is directed to respond in writing within five days from the date of this order as to whether he requests a Fatico Hearing on this single factual issue. If no such request is received within five days of the date of this Order, the Judgment of Conviction will be entered on the terms set forth at the sentencing on October 17, 2008.

**SO ORDERED.**

Dated: Central Islip, New York
October 23, 2008

ARTHUR D. SPATT
Senior United States District Judge



P-049